Eduardo J. Celaya, AZ BAR NO. 014747
Law Office of Eduardo J. Celaya, PLLC
Biltmore Office Plaza
2942 N. 24th Street, Suite 114
Phoenix, Arizona 85016
(602) 281-4547 Phone
(866) 810-6455 Fax
Email: celayalaw@gmail.com

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| JOSHUA NIU & AMY ELIZABETH NIU,<br><br>Plaintiff,<br><br>vs.<br><br>T-MOBILE US, Inc.,<br><br>Defendant. | Case No.:<br><br>CIVIL COMPLAINT<br>AND<br>JURY TRIAL DEMAND |

Plaintiffs, Joshua Niu, on behalf of himself (hereinafter "Plaintiff J"), and Amy Elizabeth Niu (hereinafter "Plaintiff E) on behalf of herself, by and through their undersigned attorney allege against the Defendant T-Mobile (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for damages arising from Defendant's violations of 47 U.S.C. §227, *et seq.*, the Telephone Consumer Protection Act (hereinafter "TCPA"), which regulates, *inter alia*, the use of telecommunication systems which have the capability of utilizing an automated dialer system and/or telephonic communications which contain pre-recorded messages.

**JURSIDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

4. Plaintiff, Joshua Niu, is a natural person, who currently resides at 4307 E. Pony Ln. Gilbert, Arizona 85295.

5. Plaintiff, Amy Elizabeth Niu, is a natural person who currently resides at 4307 E. Pony Ln. Gilbert, Arizona 85295.

6. Defendant is incorporated and doing business in the State of Washington, with its corporate mailing address as 12920 Southeast 38th Street, Bellevue, WA 98006.

**FACTUAL STATEMENT**

7. As of January 2014, both Plaintiffs' maintained separate cellular devices, each of which utilized T-Mobile as the telecommunications carrier.

8. Plaintiff J's cellular device utilized telephone number (801) 709-8657.  Plaintiff E's cellular device utilized telephone number (801) 735-2673.

9. In early 2014, Plaintiff J fell in arrears on the monies due and owing on his account with Defendant.  It was shortly after Plaintiff fell in arrears that Defendant began on a continuous, voluminous course of telephonic communication attempts aimed at both Plaintiff J and Plaintiff E in an effort to recover the outstanding monies due and owing.

10. In February of 2014, Plaintiff J made an agreement with Defendant to start making payments on the arrearage whilst contemporaneously attempting to meet his recurring monthly obligations on the telecom account.

11. With a payment plan in place, Defendant continued with the course of voluminous, harassing calls to both Plaintiff J and Plaintiff E.  In early March of 2015, Plaintiff J and Plaintiff E both advised on multiple occasions that Defendant cease and desist with the telephonic contact attempts.

12.     Plaintiff J and Plaintiff E, both realizing that their requests to have Defendant cease telephonic contact, ended their contractual relationship with Defendant T-Mobile.  Plaintiffs both attained the services of another telecommunications carrier, AT&T, shortly after ending their relationship with Defendant.

13.     Unfortuitous for both Plaintiff J and Plaintiff E, and with multiple requests from each Plaintiff that the telephonic communications cease, it was not to be.  Defendant continued on a consistent, voluminous, and disruptive course of multiple telephone calls per day.

14.     On or about April 28, 2014, with the illegal telephone communications still abundant, Plaintiff J spoke with a representative of Defendant who assured him that the calls would finally stop.   The calls did not stop.

15.     By and large, all telephone calls made from Defendant to Plaintiff J and Plaintiff E came from telephone number (801) 336-4611, which as of the date of this filing, is still a number assigned to T-Mobile, and all calls were placed utilizing and automated dialer system and or contained pre-recorded messages.

16.     Due to the voluminous nature of the telephone calls it is difficult to ascertain an exact number, but Plaintiffs' have evidence that at least (45) calls violative of the TCPA were placed. Of the (45) violative calls, (7) were placed to Plaintiff J and (38) were placed to Plaintiff E.

17.     Below is a non-exhaustive list of calls violative of the TCPA that were placed by Defendant and to Plaintiff J:

      a.   4.09.14 7:18 pm, 9:18 pm

      b.   4.15.14 7:17pm, 9:17 pm

      c.   4.22.14 7:18 pm, 9:18 pm

      d.   4.27.14 9:45 am

18. Below is a non-exhaustive list of calls violative of the TCPA that were placed by Defendant to Plaintiff E:

   a. 2.28.14 12:48 pm, 4:47 pm

   b. 3.03.14 4:45 pm, 12:51 pm

   c. 3.06.14 4:46 pm

   d. 3.10.14 4:52 pm, 12:52 pm

   e. 3.14.14 4:50 pm, 12:52 pm

   f. 3.17.14 4:51 pm, 12:50 pm

   g. 3.21.14 4:48 pm, 12:49 pm

   h. 3.24.14 4:51 pm, 12:51 pm

   i. 3.26.14 4:49 pm, 12:51 pm

   j. 3.28.14 4:50 pm, 12:51 pm

   k. 3.31.14 4:50 pm, 12:49 pm

   l. 4.01.14 4:51 pm, 4:52 pm

   m. 4.07.14 12:51 pm

   n. 4.09.14 4:51 pm

   o. 4.14.14 4:49 pm, 12:51 pm

   p. 4.15.14 4:51 pm, 12:51 pm

   q. 4.22.14 4:53 pm, 12:53 pm

   r. 4.29.14 9:12 pm, 4:52 pm. 12:57 pm

19. Defendant did not have consent to call Plaintiff J nor Plaintiff E on their cellular device utilizing either an automated dialer system, nor utilizing pre-recorded messages, as consent was revoked by both Plaintiffs on multiple occasions.  It is believed that at least (45) calls were

placed post revocation of consent in which an automated dialer system and or prerecorded messages were used.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

20. Plaintiff repeats the allegations contained in paragraphs 1 through 19 and incorporates them as if specifically set forth at length herein.

21. Plaintiffs both separately revoked any consent for Defendant to call them on their respective cellular telephones that may have existed.

22. A minimum of forty-five (45) telephone calls to both Plaintiffs from Defendant were done utilizing an automated dialer system and or contained prerecorded messages without Plaintiff's consent.

23. Defendant's actions constitute a minimum of forty-five (45) separate violations of 47 U.S.C. §227(b)(1)(A)(iii), to which their falls no exemption to their actions.

## JURY TRIAL DEMAND

20. Plaintiff demands a jury trial on all issues so triable.

*Rest of Page Left Intentionally Blank*

WHEREFORE, Plaintiffs, Joshua Niu and Elizabeth Niu, respectfully request that this Court do the following for the benefit of Plaintiff:

    a.    Enter an Order declaring Defendant's actions, as described above, in violation of the TCPA;

    b.    Enter judgment against Defendant for all violations of 47 U.S.C. § 227b(1)(A)(iii)

    c.    Enter judgment against Defendant for statutory damages for each violation of 47 U.S.C. § 227b(1)(A)(iii) or treble damages if the Court deems the violations willful; and

    d.    Grant such other and further relief as may be just and proper.

Dated this 7th day of July, 2016

Respectfully Submitted,

s/ Eduardo J. Celaya                    /

Eduardo J. Celaya, AZ BAR NO. 014747
Law Office of Eduardo J. Celaya, PLLC
Biltmore Office Plaza
2942 N. 24th Street, Suite 114
Phoenix, Arizona 85016
(602) 281-4547 Phone
(866) 810-6455 Fax
Email: celayalaw@gmail.com

Of Counsel to the Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
(201) 461-0059 Phone
(201) 608-7116 Fax